IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ABDALLAH HAWA and | : | CIVIL ACTION |
| TERESA POWELL, | : | |
| | : | |
| Plaintiffs, | : | NO. 15-4828 |
| | : | |
| v. | : | |
| | : | |
| COATESVILLE AREA SCHOOL DISTRICT, | : | |
| et al., | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM OPINION**

**MARILYN HEFFLEY, U.S.M.J.**                                                                                    **May 4, 2016**

      Before this Court is the motion of Plaintiffs Abdallah Hawa ("Hawa") and Teresa Powell ("Powell") (collectively, "Plaintiffs") seeking leave to file a Second Amended Complaint (Doc. No. 56) and an opposition filed by Defendant Angelo Romaniello ("Romaniello") (Doc. No. 61). For the reasons discussed below, Plaintiffs' motion will be granted.

**I.      BACKGROUND**

      This action arises out of disputes relating to the Plaintiffs' employment by Defendant Coatesville Area School District (the "School District").[1] Plaintiffs allege that the Defendants engaged in various acts of unlawful retaliation against them after they publicly disclosed that a prior School District Superintendent and Athletic Director had engaged in an exchange of numerous racist text messages relating to them and also had exchanged text messages containing suspicious references to the use of taxpayer money for improper purposes. Plaintiffs' disclosure

---

[1] A detailed discussion of the underlying facts alleged in this case is set forth in this Court's March 3, 2016 Memorandum and Order (Doc. No. 54) and it will not be repeated herein.

led to publicity regarding the text messages and an investigation by the Chester County District Attorney.  In their First Amended Complaint (Doc. No. 15), Plaintiffs asserted claims against Romaniello alleging retaliation for their exercise of First Amendment rights in violation of 42 U.S.C. § 1983, for racial discrimination in connection with an employment contract in violation of 42 U.S.C. § 1981, and for retaliation against them for opposing racially discriminatory employment practices, also in violation of 42 U.S.C. § 1981.

The Court previously dismissed the counts of Plaintiffs' First Amended Complaint asserted against Romaniello pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. No. 53).[2]  Plaintiffs now seek leave, pursuant to Federal Rule of Civil Procedure 15(a)(2), to file their proposed Second Amended Complaint.  In that pleading, in addition to the several claims they have pled against the School District,[3] Plaintiffs have brought claims against Romaniello again alleging First Amendment retaliation in violation of Section 1983 (Count I) and retaliation for objecting to discriminatory practices in violation of Section 1981 (Count III).  Romaniello opposes their motion, asserting that granting leave to amend would be futile because the proposed amended counts fail to state a claim on which relief can be granted.  Def.'s Br. at 3-5.

## II.     THE LEGAL STANDARD

Federal Rule of Civil Procedure 15(a)(2) provides that a party may amend its complaint with leave of Court.  "[L]eave to amend should usually be freely granted, unless there is a showing of 'undue delay, bad faith or dilatory motive on the part of a movant, repeated failure to cure the deficiencies by amendments previously allowed, undue prejudice to the opposing party

---

[2]   Count II of the First Amended Complaint was dismissed with prejudice with respect to Romaniello, but not as to the School District.  Counts I and III were dismissed against Romaniello without prejudice.

[3]   The School District has not objected to Plaintiffs' request for leave of court to file their Second Amended Compliant.

2

by virtue of allowance of the amendment, futility of the amendment, etc.'" Agostino Ferrari, S.p.A. v. Antonacci, 858 F. Supp. 478, 480 (E.D. Pa. 1994) (quoting Forman v. Davis, 371 U.S. 178, 182 (1962)). "In the absence of substantial or undue prejudice, denial instead must be based on bad faith or dilatory motives, truly undue or unexplained delay, repeated failures to cure the deficiency by amendments previously allowed, or futility of amendment." Lorenz v. CSX Corp., 1 F.3d 1406, 1414 (3d Cir. 1993). Here, Romaniello opposes the allowance of leave to amend solely on the grounds that the proposed amendments would be futile.

### III. DISCUSSION

#### A. Granting Leave to File the Proposed Amended Count I Would Not be Futile Because It States a Legally Sufficient Claim

Romaniello contends that granting leave to file the amended Count I would be futile because it does not allege a valid claim for First Amendment retaliation. To plead a prima facie case for a First Amendment retaliation claim under Section 1983, a plaintiff must allege: (1) he or she engaged in speech protected by the First Amendment; (2) retaliatory action that would cause a person of ordinary firmness not to exercise his or her First Amendment right; and (3) a causal link between the retaliation and the protected speech. Thomas v. Independence Twp., 463 F.3d 285, 296 (3d Cir. 2006). However, "'[a] prima facie case is an evidentiary standard, not a pleading requirement.'" Connelly v. Lane Constr. Corp., 809 F.3d 180, 789 (3d Cir. 2016) (quoting Swierkiewicz v. Sorema, N.A., 534 U.S. 506, 510 (2002)). It, therefore, is "'not a proper measure of whether a complaint fails to state a claim.'" Id. (quoting Fowler v. UPMC Shadyside, 578 F.3d 203, 213 (3d Cir. 2009)). Instead, the measure of whether a plaintiff has adequately stated a claim is whether the complaint contains "sufficient factual allegations to raise a reasonable expectation that discovery will reveal evidence of the [necessary] elements." Id. Romaniello contends that, just as in the First Amended Complaint, Plaintiffs have failed to allege

3

that he took any action against them that would cause a person of ordinary firmness not to exercise his or her First Amendment rights. Def.'s Br. at 3-4.

The standard for alleging retaliatory conduct directed at First Amendment activities is generous. As the Third Circuit has explained:

> First Amendment retaliation claims are always individually actionable, even when relatively minor. Even "an act of retaliation as trivial as failing to hold a birthday party for a public employee," if "intended to punish her for exercising her free speech rights," may be actionable if under the circumstances it would be sufficient to "deter a person of ordinary firmness" from exercising his or her First Amendment rights. A First Amendment retaliation claim will lie for any individual act which meets this "deterrence threshold," and that threshold is very low . . . a cause of action is supplied by all but truly de minimis violations.

O'Connor v. City of Newark, 440 F.3d 125, 127-28 (3d Cir. 2006) (quoting Suppan v. Dadonna, 203 F.3d 228, 234-35 (3d Cir. 2000)). Retaliatory conduct is not limited to actions such as termination, demotion or reduction in pay. Instead, "being the victim of petty harassments in the workplace as a result of speaking on matters of public concern is in itself retaliation—even if the employee cannot prove a change in the actual terms of his or her employment—and thus could be actionable under the First Amendment." McKee v. Hart, 436 F.3d 165, 169-70 (3d Cir. 2006). For retaliation to be actionable, the effect of the alleged conduct on the employee's freedom of speech need not be great. Id. at 170. "Courts have required that the nature of the retaliatory acts committed by a public employer be more than de minimis." Brennan v. Norton, 350 F.3d 399, 419 (3d Cir. 2003). However, "a cause of action is supplied by all but truly de minimis violations." O'Connor, 440 F.3d 128.

In their proposed Second Amended Complaint, Plaintiffs have added new allegations regarding Romaniello's retaliatory conduct. As to Plaintiff Hawa, they now allege that:

> Rominello [sic] eliminated Plaintiff Hawa's job duties and responsibilities. By way of example, Rominello [sic] deprived Plaintiff Hawa of his managerial authority in the IT Department by reassigning his subordinates and forbade Plaintiff Hawa from conducting any IT activities.

4

Second Amended Complaint ("Sec. Am. Compl.") ¶ 122.  As to Plaintiff Powell, they now allege that:

> By way of example, Rominello [sic] abruptly eliminated Plaintiff Powell's job duties as Acting Assistant Superintendent.  In particular, Rominello [sic] forbid Plaintiff Powell from attending management meetings, despite being an essential job function of the Assistant Superintendent position.

Id. ¶ 78.

A material change in the scope of an employee's duties and responsibilities is sufficient grounds to support a claim of retaliation.  Rodriguez-Garcia v. Miranda-Marin, 610 F.3d 756, 766 (1st Cir. 2010); see also Manna v. Twp. of Fairfield, No. CIV. A. 04-CV-1430WJM, 2007 WL 3231894, at *2 (D.N.J. Oct. 30, 2007) ("holding that altering a plaintiff's terms of employment" would be sufficient to establish a claim).  For example, the removal of supervisory responsibility may be sufficient to establish retaliation.  Martsolf v. Brown, No. CIV. A 1:05-CV-1941, 2009 WL 5111767, at *6 (M.D. Pa. Dec. 15, 2009), aff'd, 457 F. App'x 167 (3d Cir. 2012); see also Migliore v. Ackerman, No. CIV. A. 11-4018, 2013 WL 4079650, at *7 (E.D. Pa. Aug. 12, 2013) (demotion from assistant principle to teacher), amended on other grounds sub nom., Migliore v. Archie, No. CIV. A. 11-4018, 2014 WL 7177368 (E.D. Pa. Dec. 16, 2014). Even in the absence of a change in salary or job title, a material reduction in job duties or quality of the working environment is sufficient to establish retaliation.  Rodriguez-Garcia, 610 F.3d at 766-67 (1st Cir. 2010) (significant reduction in responsibilities constituted retaliation); see also Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53, 70-71 (2006) (in context of Title VII retaliation, reassignment to position that was more arduous and lest prestigious constituted retaliation).

Here, both Hawa and Powell have sufficiently alleged that they suffered material changes in the scope of their responsibilities and the quality of their positions as the result of

Romaniello's retaliatory conduct. Hawa was the Director of Technology for the School District. Sec. Am. Compl. ¶ 17. Romaniello allegedly stripped Hawa of his supervisory authority and forbade him from conducting any IT activities. Id. ¶ 122. Powell was Acting Assistant Superintendent and the duties of that position allegedly were taken from her. Id. ¶ 78. These alleged reductions in the Plaintiffs' responsibilities and positions are more than "de minimis" retaliatory conduct. O'Connor, 440 F.3d 128. They properly plead that Plaintiffs suffered retaliation "sufficient to 'deter a person of ordinary firmness' from exercising his or her First Amendment rights." Id. (quoting Suppan, 203 F.3d at 235). Accordingly, the amendment Plaintiffs seek would not be futile.

### B. Granting Leave to File the Proposed Amended Count III Would Not be Futile Because It States a Legally Sufficient Claim

In Count III, Plaintiffs allege that the Defendants' conduct violated 42 U.S.C. § 1981, which ensures equal protection in "the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." Section 1981 also prohibits retaliation against persons who have opposed discrimination in the making and performance of contracts. CBOCS West, Inc. v. Humphries, 553 U.S. 442, 450-51 (2008). Claims for violation of Section 1981 can only be brought by way of an action under 42 U.S.C. § 1983. McGovern v. City of Philadelphia, 554 F.3d 114, 115 (3d Cir. 1996); see Dieffenbach v. Dept. of Revenue, 490 F. App'x 433, 435 (3d Cir. 2012). For this reason, Plaintiffs have also pled their Section 1981 claim as a Section 1983 claim.

To establish a prima facie case of Section 1981 retaliation, a plaintiff must show that: "(1) he engaged in protected activity, (2) his employer took an adverse employment action against him, and (3) there was a causal connection between his participation in the protected

6

activity and the adverse employment action." Estate of Oliva ex rel. McHugh v. New Jersey, 604 F.3d 788, 798 (3d Cir. 2010). Romaniello contends that granting leave to file Plaintiffs' proposed Second Amended Complaint would be futile because it fails to state a valid Section 1981 retaliation claim in Count III. Specifically, Romaniello argues that the conduct Plaintiffs allege he committed does not amount to an adverse employment action sufficient to constitute retaliation.

To establish an adverse employment action against them, Plaintiffs must allege facts to show "that Defendant['s] retaliatory action was sufficient to deter a person of ordinary firmness from exercising [his or] her rights." Dubrey v. SEPTA, No. 11-4679, 2014 WL 4631987, at *3 (E.D. Pa. Sept. 16, 2014) (citing Lauren W. ex rel. Jean W. v. Deflaminis, 480 F.3d 259, 267 (3d Cir. 2007)). An employment action is materially adverse when it "constitutes a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits." Burlington, 548 U.S. at 71. Changes to significantly less desirable or prestigious work may constitute retaliation. See id. at 70-71. Significant reductions in duties and responsibilities also may constitute an adverse employment action amounting to retaliation. See, e.g., Counts v. Shinseki, No. CIV. A. 08-85, 2010 WL 3810662, at *10 (W.D. Pa. Sept. 23, 2010) (reducing IT specialist's responsibilities to largely clerical duties); McKinnon v. Gonzales, 642 F. Supp. 2d 410, 427-28 (D.N.J. 2009) (being asked to serve in supervisory position less frequently); Johnson v. Cmty. Coll. of Allegheny Cty., 566 F. Supp. 2d 405, 430 (W.D. Pa. 2008) (demotions or transfers to less desirable positions); Gaetano v. Bayer, Inc., No. CIV. A. 04-1812, 2007 WL 3334985, at *11 (W.D. Pa. Nov. 8, 2007) (removing supervisory responsibility and removing plaintiff from leadership team); Cooper v. City of Philadelphia, No. CIV. A. 06-576, 2007 WL

1825399, at *5 (E.D. Pa. June 21, 2007) (transfer to another department and removal of "functional area responsibilities"); Cuffee v. Dover Wipes Co., 334 F. Supp. 2d 565, 578 (D. Del. 2004) (assigning employee to a "reduced role").

Romaniello's argument that the proposed amendment of Count III would be futile fails for the same reason as his futility argument regarding Count I. Plaintiffs have alleged that he significantly reduced their responsibilities and stripped them of their managerial duties. Those allegations are sufficient to state a claim for retaliation.

> C. **Granting Leave to File the Proposed Amended Complaint Would Not be Futile Because Its Factual Allegations Sufficiently Plead that Romaniello Violated Clearly Established Constitutional Rights**

Romaniello asserts that granting leave to amend would be futile because he is entitled to qualified immunity as a government official. Def.'s Br. at 5. "Qualified immunity shields government officials from civil damages liability unless the official violated a statutory or constitutional right that was clearly established at the time of the challenged conduct." Reichle v. Howards, ___ U.S. ___, 132 S. Ct. 2088, 2093 (2012). Qualified immunity is an affirmative defense and the burden of pleading it falls on the defendant. Thomas, 463 F.3d at 293-94. "'[Q]ualified immunity will be upheld on a 12(b)(6) motion only when the immunity is established on the face of the complaint.'" Id. at 291 (quoting Levito v. Lapina, 258 F.3d 256, 161 (3d Cir. 2001)).[4]

---

[4] Courts have noted that the ruling in Ashcroft v. Iqbal, 556 U.S. 662 (2009), does not alter that rule. See Debrew v. Auman, 345 F. App'x 639, 642 (3d Cir. 2009) (decided after Iqbal and holding that dismissal on qualified immunity grounds would be "premature" because the complaint did not demonstrate on its face that defendant had not violated a clearly established right); Perano v. Arbaugh, No. 10-CV-01623, 2011 WL 1103885, at *17 (E.D. Pa. Mar. 25, 2011) ("[I]t is possible for a claim to survive a motion to dismiss under Iqbal while not providing sufficient facts to allow the court to conduct a qualified immunity analysis."); accord Weaver v. Marling, No. 2:12-CV-1777, 2013 WL 4040472, at *4 (W.D. Pa. Aug. 8, 2013); Zion v. Nassan, 727 F. Supp. 2d 388, 404 (W.D. Pa. 2010).

Romaniello's argument on his qualified immunity defense is that because he did not commit any conduct that could constitute retaliation, he could not have violated a clearly established constitutional right. Def.'s Br. at 5. His argument, however, lacks merit. That it is unlawful to retaliate against a public employee for exercising his or her First Amendment rights is well-established law. Garcetti v. Ceballos, 547 U.S. 410, 419 (2006); Reilly v. Atlantic City, 532 F.3d 216, 233 (3d Cir. 2008). Retaliation against a public employee for objecting to discriminatory practices has been held to violate Section 1981. In re Montgomery Cnty., 215 F.3d 367, 377 (3d Cir. 2000); see also Patrick v. Miller, 953 F.2d 1240, 1249-50 (10th Cir. 1992) (holding that six cited circuit court cases were sufficient to establish that racially based retaliatory actions against an employee violate Section 1981). Moreover, that the conduct Plaintiffs have alleged Romaniello engaged in qualifies as unlawful retaliation also is well-established law. As demonstrated by the cases cited supra in Sections III(A)-(B), the Plaintiffs' allegations that Romaniello significantly reduced their responsibilities and stripped them of their managerial duties constitute retaliation for both First Amendment and Section 1981 purposes. Thus, Plaintiffs' factual allegations are sufficient to survive a motion to dismiss. Romaniello may renew his qualified immunity argument on summary judgment.

## IV.   CONCLUSION

For the reasons discussed above, Plaintiffs' motion for leave of court to file the proposed Second Amended Complaint will be granted.

An appropriate Order follows.

Date:  May 4, 2016                                   BY THE COURT:

*/s/ Marilyn Heffley*
MARILYN HEFFLEY
UNITED STATES MAGISTRATE JUDGE