IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ABDALLAH HAWA and TERESA POWELL, | : : : | CIVIL ACTION |
| Plaintiffs, | : : | |
| v. | : : | NO. 15-4828 |
| COATESVILLE AREA SCHOOL DISTRICT and ANGELO ROMANIELLO, | : : : : | |
| Defendants, | : : | |
| and | : : | |
| COATESVILLE AREA SCHOOL DISTRICT, | : : : | |
| Third-Party Plaintiff, | : : | |
| v. | : : | |
| RHOADS & SINON LLP and JAMES ELLISON, ESQUIRE, | : : : | |
| Third-Party Defendants. | : | |

## MEMORANDUM OPINION

Before this Court are Motions to Dismiss Third-Party Plaintiff Coatesville Area School District's ("CASD") First Amended Joinder Complaint (Doc. No. 73) ("Joinder Complaint") filed by Third-Party Defendant James Ellison, Esquire ("Ellison") (Doc. No. 87) and by Third-Party Defendant Rhoads & Sinon LLP ("R&S") (Doc. No. 88). Ellison and R&S (collectively, the "Attorneys") ask this Court to dismiss CASD's Joinder Complaint in its entirety. For the reasons that follow, the Motions will be granted as to the federal-law claims in Counts I and II, and the Court will exercise its discretion not to retain supplemental jurisdiction over the

remaining state-law claims in Counts III-V. Accordingly, Counts III-V will be dismissed without prejudice so that they may be brought in state court.

I. **BACKGROUND**

On August 26, 2015, Plaintiffs Abdallah Hawa ("Hawa") and Teresa Powell ("Powell") (collectively, the "Plaintiffs") commenced this action against CASD, alleging federal civil rights claims and state-law claims arising from their discovery of racist text messages about them sent between CASD administrators, and from various retaliatory actions allegedly taken by CASD in the aftermath of that discovery.[1] Plaintiffs' current Second Amended Complaint (Doc. No. 70) ("Plaintiffs' Complaint") alleges claims against CASD and its former Superintendent, Angelo Romaniello ("Romaniello"), arising under 42 U.S.C. §§ 1981, 1983; Title VII, 42 U.S.C. § 2000(e) et seq.; the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq.; the Pennsylvania Human Relations Act, 43 Pa. Cons. Stat. § 951 et seq.; Section 504 of the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 794; the Family and Medical Leave Act, 29 U.S.C. § 2601, et seq.; and the Pennsylvania Whistleblower Law, 43 Pa. Cons. Stat. § 1421 et seq.

CASD has filed third-party claims against the Attorneys, who represented it in connection with some of the events that are the subject of Plaintiffs' lawsuit, based on the allegedly deficient advice the Attorneys gave to CASD in connection with its employment of the Plaintiffs and their conduct in the course of that representation. In Counts I and II of the Joinder Complaint, CASD asserts that if it is found liable to the Plaintiffs for violations of their civil

---

[1] The factual allegations pertaining to this case are set forth in this Court's March 3, 2016 Memorandum Opinion (Doc. No. 54) and its May 4, 2016 Memorandum Opinion (Doc. No. 64) and consequently, will not be repeated here.

rights, the Attorneys are "liable over to [CASD] by way of contribution and/or indemnity" and are "jointly and/or severally liable with CASD to [Plaintiffs]." Joinder Compl. ¶¶ 61-62, 75-76. In Count III of the Joinder Complaint, CASD asserts that if it is liable to the Plaintiffs for violation of the Pennsylvania Whistleblower Law, then the Attorneys are "liable over to [CASD] by way of contribution and/or indemnity" and are "jointly and/or severally liable with [CASD] to Hawa and Powell." Id. ¶¶ 84-85. In Counts IV and V of the Joinder Complaint, CASD asserts that the Attorneys are liable to it for malpractice, under tort law and contract law, respectively. Id. ¶¶ 86-106. Both Ellison and R&S move to dismiss CASD's Joinder Complaint in its entirety on a variety of grounds. However, because it is dispositive of the federal-law claims in Counts I and II, the Court will address first the issue of whether the Attorneys can be held liable for indemnity or contribution based on their alleged conduct and advice in their representation of CASD with respect to the Plaintiffs.

## II.  DISCUSSION

### A. CASD has Failed to State a Claim for Indemnification or Contribution for the Alleged Federal Civil Rights Violations

#### 1. Indemnification

In Counts I and II of the Joinder Complaint, CASD alleges that the Attorneys are liable to it for indemnification for any liability it may have to the Plaintiffs for the federal civil rights violations. The law is well-settled that:

> The right of indemnity rests upon a difference between the primary and the secondary liability of two persons each of whom is made responsible by the law to an injured party. It is a right which enures to a person who, without active fault on his own part, has been compelled, by reason of some legal obligation, to pay

>   damages occasioned by the initial negligence of another, and for which he himself is only secondarily liable.[2]
>
>   . . . .
>
>   Thus, unlike comparative negligence and contribution, the common law right of indemnity is not a fault sharing mechanism between one who was predominantly responsible for an accident and one whose negligence was relatively minor. Rather, it is a fault shifting mechanism, operable only when a defendant who has been held liable to a plaintiff solely by operation of law, seeks to recover his loss from a defendant who was actually responsible for the accident which occasioned the loss.

Sirianni v. Nugent Bros., 506 A.2d 868, 870-71 (1986) (citations and internal quotation marks omitted) (emphasis omitted); Builders Supply Co. v. McCabe, 77 A.2d 368, 370 (Pa. 1951).

CASD cannot meet these requirements for indemnification because, if it is found liable to the Plaintiffs for the civil rights violations, it will not be liable "through no fault of [its] own" or "solely by operation of law." Sirianni, 506 A.2d at 870-71. The alleged conduct that could give rise to that liability is conduct committed by CASD personnel. For example, Plaintiffs' Complaint alleges that CASD's former Superintendent, Romainello, "eliminated Plaintiff Powell's job duties as Acting Assistant Superintendent," Plaintiffs' Compl. ¶ 79, that Romaniello's successor Superintendent, "Dr. Taschner[,] abruptly stripped Powell of several of her job duties," id. ¶ 152, and that "Romaniello eliminated Plaintiff Hawa's job duties and responsibilities," id. ¶ 122. While CASD claims that it acted on the advice of the Attorneys, as

---

[2]  [S]econdary as distinguished from primary liability rests upon a fault that is imputed or constructive only, being based on some legal relationship between the parties, or arising from some positive rule of common or statutory law or because of a failure to discover or correct a defect or remedy a dangerous condition caused by the act of the one primarily responsible.

Sirianni v. Nugent Bros., 506 A.2d 868, 871 (1986) (quoting Builders Supply Co. v. McCabe, 77 A.2d 368, 371 (Pa. 1951)). An example of such a relationship giving rise to secondary liability and indemnification is that of an employer to its employee. Builders Supply, 77 A.2d at 370.

4

the party who committed the alleged retaliatory actions, it "cannot claim to be passively liable and, therefore, entitled to indemnity from [the Attorneys]." Kohn v. Sch. Dist., No. 1:11-CV-09, 2012 WL 1598096, at *5 (M.D. Pa. May 7, 2012) ("Kohn I").[3]

## 2. Contribution

CASD also asserts in Counts I and II of the Joinder Complaint that it is entitled to contribution from the Attorneys for any liability it may have to the Plaintiffs for the alleged civil rights violations. Contribution is available under Pennsylvania law only among joint tortfeasors.[4] 42 Pa. Cons. Stat. § 8324(a); Walton v. Avco Corp., 610 A.2d 454, 461 (Pa. 1992). "Joint tortfeasors are 'two or more persons jointly or severally liable in tort for the same injury to persons or property.'" Morris v. Lenihan, 192 F.R.D. 484, 490 (E.D. Pa. 2000) (quoting 42 Pa. Cons. Stat. § 8322). For parties to be joint tortfeasors, they must be liable for the same injury to the same party because of a violation of the same duty. Voyles v. Corwin, 441 A.2d 381, 383 (Pa. Super. Ct. 1982); Lasprogata v. Qualls, 397 A.2d 803, 805 (Pa. Super. Ct. 1979); Kohn I, 2012 WL 1598096, at *3-4. In providing legal advice to CASD, the Attorneys had no duty to the Plaintiffs. See Kohn I, 2012 WL 1598096, at *5. The general rule is that an attorney will be

---

[3] CASD does not seriously attempt to defend its claim for indemnification in its briefing on the present motions. That failure constitutes a waiver of the claim, which supplies an additional ground for the claim's dismissal. See Flora v. Cnty. of Luzerne, 776 F.3d 169, 175 n.8 (3d Cir. 2015); Pers. v. Teamsters Local Union 863, No. 12-2293 FSH JBC, 2013 WL 5676802, at *2 (D.N.J. Oct. 17, 2013).

[4] Whether contribution is available as a matter of federal law under Section 1983 is an issue that remains in some dispute. Compare Miller v. Apartments & Homes of New Jersey, Inc., 646 F.2d 101 (3d Cir. 1981) with Texas Indus., Inc. v. Radcliff Materials, Inc., 451 U.S. 630 (1981) and Nw. Airlines, Inc. v. Transport Workers Union, 451 U.S. 77 (1981); see Kohn v. Sch. Bd., No. 1:11-CV-109, 2012 WL 3560822, at *2-3 (M.D. Pa. Aug. 16, 2012) ("Kohn II") (explaining history of conflicting opinions on this issue in the Third Circuit). Because, as discussed infra, CASD's claim does not meet the requirements for a contribution claim, it is unnecessary to decide whether such a claim is available under Section 1983.

held liable only to his or her client; "[i]n the absence of special circumstances, he [or she] will not be held liable to anyone else." Mentzer & Rhey, Inc. v. Ferrari, 532 A.2d 484, 486 (Pa. Super. Ct. 1987); accord Smith v. Griffiths, 476 A.2d 22, 26 (Pa. Super. Ct. 1984); see also Heffernan v. Hunter, No. CIV. A. 97-6041, 1998 WL 633694, at \*5 (E.D. Pa. Aug. 12, 1998), aff'd on other grounds, 189 F.3d 405 (3d Cir. 1999). A plaintiff "'must show an attorney-client relationship or some specific undertaking by the attorney furnishing professional services . . . as a necessary prerequisite for maintaining [a suit].'" Mentzer & Rhey, 532 A.2d at 486 (quoting Guy v. Liederbach, 459 A.2d 744, 750 (Pa. 1983)). Because the Attorneys had no agreement to provide legal services to the Plaintiffs, they had no duty to them with respect to the quality of the legal advice they provided to CASD. Kohn I, 2012 WL 1598096, at \*5.

CASD points to Kohn I as its sole authority in support of its attempt to circumvent the privity requirement. CASD Opp. to R&S Mot. to Dismiss (Doc. No. 94) at 15-17; CASD Opp. to Ellison Mot. to Dismiss (Doc. No. 93) at 8-10. In Kohn I, administrators of the Harrisburg School District ("HSD") sued HSD, pursuant to Section 1983 and state contract law, for terminating their employment without due process of law. 2012 WL 1598096 at \*1. The administrators were fired through a resolution adopted by the members of the HSD Board of Control, allegedly on the advice of the same attorneys who are the Third-Party Defendants in the present case, Ellison and R&S. Id. HSD filed a third-party complaint against Ellison and R&S, as well as the Mayor of Harrisburg (the "Mayor"), alleging a conspiracy in violation of the federal civil rights laws in which the Attorneys, the Mayor and the elected members of HSD's Board of Control conspired to terminate the administrators' employment without due process in order to advance the Mayor's political position. Id. at \*2.

Federal law creates liability for a private party who conspires with a state actor to violate a party's civil rights in violation of Section 1983. Lugar v. Edmondson Oil Co., 457 U.S. 922, 941 (1982); Great W. Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 175-76 (3d Cir. 2010). This is because private persons who jointly engage with state officials in the prohibited action, are "state actors" for purposes of Section 1983. Id. at 176 (citing Dennis v. Sparks, 449 U.S. 24, 29 (1980)). The Kohn I court denied the Attorneys' motion to dismiss HSD's third-party claim for contribution based on the Attorneys' potential liability as joint tortfeasors with respect to the Section 1983 conspiracy claim. The court explained its reasoning as follows:

> The School District owed a duty to Plaintiffs not to violate their due-process rights. Ellison and Rhoads & Sinon are not state actors, but if Ellison conspired with state actors to violate Plaintiff's [sic] due-process rights, he would share in their liability to Plaintiffs. Looked at from a joint tortfeasor perspective, Ellison acted together with the mayor-appointed members of the Board of Control in committing the wrongs, i.e., the terminations. His advice combined with the members' votes to inflict the injury on each Plaintiff. It follows that the civil-rights conspiracy claim can proceed against attorney Ellison and Rhoads & Sinon on a theory of contribution.

Kohn I, 2012 WL 1598096, at *6.

Kohn I and the reasoning quoted above are distinguished from the present case by the nature of the Attorneys' alleged conduct in the two cases. An attorney cannot be held liable for conspiring with his or her client to violate Section 1983 so long as the attorney's alleged conduct falls within the scope of the representation. Gen. Refractories Co. v. Fireman's Fund Ins. Co., 337 F.3d 297, 313 (3d Cir. 2003); Heffernan v. Hunter, 189 F.3d 405, 411-13 (3d Cir. 1999). "'[A]ttorneys performing their traditional functions will not be considered state actors'" for the purposes of Section 1983. Scheib v. Butcher, 602 F. App'x 67, 68 (3d Cir. 2015)) (quoting Angelico v. Lehigh Valley Hosp., Inc., 184 F.3d 268, 277 (3d Cir. 1999)). In Kohn I, the Attorneys allegedly acted in furtherance of the Mayor's interests rather than in the interests of

their client, HSD, by conspiring to give the Control Board incompetent advice that it could terminate the employees without due process without incurring potential liability for HSD. Kohn I, 2012 WL 1598096, at *2. The Attorneys allegedly did so in a conspiracy with third parties—the Mayor and the elected Control Board members—to serve the Mayor's political interests. Id. Thus, the Attorneys' alleged conduct was not undertaken to further their client's interests and was not within the scope of their legal representation of the Board of Control. Therefore, it exposed the Attorneys to potential liability under Section 1983. See Heffernan, 189 F.3d at 413 ("It is, of course, axiomatic that if the challenged conduct occurs outside the scope of representation, . . . the attorney and client [or third-party conspirators] could form a conspiracy.").

Here, in contrast to Kohn I, none of the Attorneys' conduct alleged by CASD fell outside the scope of their representation. CASD alleges that the Attorneys engaged in such conduct as:

1. attempting to work out a separation agreement with the former CASD Superintendent, Romaniello, who was a participant in the racist texting, under which that Superintendent would receive severance pay. Joinder Compl. ¶¶ 40(h), (p), (r);

2. attempting to cover up the existence of the racist text messages, e.g., id. ¶¶ 40(e), (h), (i), (n), (p), (r);

3. focusing the investigation of the events regarding the sending and discovery of the text messages on Plaintiffs rather than on the texting administrators, e.g., id. ¶¶ 36(a), (b), 40(y), (z);

4. conducting various legal research for the purpose of finding bases to discipline or terminate the Plaintiffs, e.g., id. ¶¶ 40(aa), (kk);

5. hiring a consultant to image CASD computer hard drives used by Powell, Hawa and Hawa's IT Department, forcing Hawa through threat of termination to provide the consultant with the network passwords required to access CASD's computer servers, and instructing the consultant to install spyware on Hawa's computer, e.g., id. ¶¶ 40(bb), (cc), dd), (gg), (hh);

6. directing CASD's Human Resources Director to have school administrators document their interactions with the Plaintiffs for the purpose of memorializing any violations of CASD policies, id. ¶ 40(z);

7. directing CASD former Superintendent, Romaniello, to instruct the Plaintiffs at the time that grand jury hearings were proceeding that they were not authorized to remove or release any CASD documents unless they first cleared doing so with Romaniello's office, id. ¶ 40(ii); and

8. instructing CASD officials on how to proceed in dealing with the Plaintiffs, e.g., id. ¶¶ 40(z), (ii), (jj), (ll).

Regardless of the propriety of the Attorneys' advice and conduct in carrying out these functions, none of their activity as alleged in CASD's Joinder Complaint falls outside the "traditional functions" of attorneys representing a client with respect to labor matters, a grand jury investigation, and potential civil litigation. Angelico, 184 F.3d at 277. "Whether the chosen means were ethical or appropriate is a separate issue. Attorneys might use unethical tactics in representing clients and yet remain squarely within the scope of their agency." Heffernan, 189 F.3d at 413. Here, all of the Attorneys' alleged conduct was performed within the scope of their representation of CASD. Thus, the Plaintiffs could not hold the Attorneys liable for their alleged conduct as joint tortfeasors. In the absence of joint tortfeasor status, there is no basis on which

CASD can claim a right of contribution. Bank v. Philadelphia, 991 F. Supp. 2d 523, 538 (E.D. Pa. 2014) (contribution only is available to joint tortfeasors). Accordingly, CASD's Counts I and II, which are claims for contribution with respect to CASD's potential liability for civil rights violations, must be dismissed.

Moreover, it is apparent that CASD would not be able to correct the legal deficiency of Counts I and II if given another chance to replead them. CASD's Joinder Complaint repeats the exact conduct that the Plaintiffs allege renders CASD liable to them under Section 1983 and alleges that if that conduct renders them liable, then the Attorneys are in turn liable to them for contribution. Because Plaintiffs' claims remain the same, no repleading of claims seeking contribution for the conduct those claims allege can give rise to joint tortfeasor status or to a claim for indemnity or contribution. Thus, granting leave to amend would be futile and, therefore, Counts I and II of the Joinder Complaint will be dismissed with prejudice. See Lake v. Arnold, 232 F.3d 360, 373 (3d Cir. 2000) (leave to amend may be denied when amendment would be futile).

## B.    The Court Will Not Exercise Supplemental Jurisdiction Over the Remaining State-Law Claims

With the dismissal of Counts I and II of CASD's Joinder Complaint, what remains are state-law claims for legal malpractice sounding in tort and in contract and a claim seeking contribution or indemnity for CASD's potential liability under Pennsylvania's whistleblower statute. While this Court initially had supplemental jurisdiction of those claims, see 28 U.S.C. § 1367(a), the dismissal of the federal claims raises the question as to whether the Court should retain jurisdiction of the state claims. The United States Court of Appeals for the Third Circuit has held that "where the claim over which the district court has original jurisdiction is dismissed before trial, the district court must decline to decide the pendent state claims unless

considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so." Borough of W. Mifflin v. Lancaster, 45 F.3d 780, 788 (3d Cir. 1995); accord Bright v. Westmoreland Cnty., 443 F.3d 276, 286 (3d Cir. 2006); Hedges v. Musco, 204 F.3d 109, 123 (3d Cir. 2000).

In the present case, no such affirmative justification exists for exercising supplemental jurisdiction. CASD's third-party claims are at an early stage in this litigation—no answers have yet been filed—so that neither the Court nor the parties have invested substantial resources in addressing them. See SigmaPharm, Inc. v. Mut. Pharm. Co., 772 F. Supp. 2d 660, 677 (E.D. Pa. 2011) (stating that there is no judicial economy in retaining state-law claims where case is at its early stages), aff'd, 454 F. App'x 64 (3d Cir. 2011). Dismissal would cause no material prejudice to CASD because it could refile its state-law claims in state court. The applicability of Pennsylvania's statute of limitations for torts to CASD's malpractice claim[5] would not be affected by refiling because that statute is tolled during the pendency of this litigation and for 30 days after the dismissal of this action. 28 U.S.C. § 1367(d); see also 42 Pa. Cons. Stat. § 5103 (litigant who timely commenced action in federal court in Pennsylvania and whose action was dismissed for lack of jurisdiction may transfer that action to state court).

Furthermore, significant factors militate against retaining jurisdiction here. CASD's claims will require litigation of additional issues not relevant to the Plaintiffs' claims having to do with the relationship between CASD and the Attorneys and whether the Attorneys' advice met the

---

[5] R&S has asserted that the Pennsylvania statute of limitations for tort claims has already run on CASD's tortious malpractice claim. R&S Mot. to Dismiss at 12-14. Determination of the date on which that claim accrued for the purposes of Pennsylvania's discovery rule, see Knopick v. Connelly, 639 F.3d 600, 607 (3d Cir. 2011), is one of many issues CASD's state-law claims would add to this litigation that are not relevant to the Plaintiffs' lawsuit.

prevailing standard of care. The Plaintiffs' lawsuit, which was filed over one year ago and has already proceeded through significant discovery, likely would be delayed and unnecessarily complicated by including issues of whether the Attorneys' representation of CASD constituted malpractice. Retaining jurisdiction over CASD's state-law claims also will engender complex issues regarding the extent to which CASD has waived its attorney-client privilege by bringing suit against the Attorneys and through the publication of an investigative report compiled by its subsequent attorneys . Moreover, there is a marked lack of precedent regarding application of Pennsylvania's Whistleblower Law. Whether conduct that this Court previously held did not state a claim for retaliation under Sections 1981 and 1983 and the First Amendment, see Doc. No. 54, might state a claim under that law raises a novel question of state law. The avoidance of significant and complex state-law issues is a reason for declining to exercise supplemental jurisdiction that is recognized both in statute, 28 U.S.C. § 1367(c)(1), and in precedent. United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966); D & D Associates, Inc. v. Bd. of Educ. of N. Plainfield, 552 F. App'x 110, 117 (3d Cir. 2014); De Asencio v. Tyson Foods, Inc., 342 F.3d 301, 311 (3d Cir. 2003).

Accordingly, the Court will exercise its discretion not to retain supplemental jurisdiction over the state-law claims. Counts III-V of the Joinder Complaint will be dismissed without prejudice to CASD's ability to refile those claims in state court. An appropriate Order follows.

Date:  September 9, 2016

                                 BY THE COURT:


                                 */s/ Marilyn Heffley*
                                 MARILYN HEFFLEY
                                 UNITED STATES MAGISTRATE JUDGE