IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ABDALLAH HAWA and<br>TERESA POWELL, | : | CIVIL ACTION |
| | : | |
| Plaintiffs, | : | NO. 15-4828 |
| | : | |
| | : | |
| v. | : | |
| | : | |
| COATESVILLE AREA SCHOOL DISTRICT,<br>et al., | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM OPINION

This matter has come before the Court on Defendant Coatesville Area School District's

("CASD") Motion for a Protective Order as to Electronically-Stored Information Sought in

Discovery by Plaintiffs (Doc. No. 112).  For the reasons discussed below, the Motion will be

denied.

## I.     BACKGROUND

This action involves claims of discrimination and retaliation arising out of Plaintiffs'

employment by CASD.[1]  In the present Motion, CASD asks that it be relieved of all or, in the

alternative, 80% of the costs of certain electronic discovery involving the hard drives of

computers used by Plaintiffs, Defendant Romaniello, and a member of CASD's board of

directors during the time in question, as well as a database called "GroupWise," which contains a

---

[1]     Because this opinion is written for the benefit of the parties on the specific issue of whether
Plaintiffs should bear some or all of the costs of certain electronic discovery, I will not recite the
lengthy factual background on which Plaintiffs' claims in this action are based.  A rendition of
the facts Plaintiffs allege can be found in this Court's February 12, 2016 Memorandum Opinion
(Doc. No. 37) at 2-8.

backup of emails.  CASD made the decision to store the documents in this fashion to preserve

them in light of potential litigation and an ongoing grand jury investigation.  The parties have

engaged in extensive cooperative efforts to narrow and limit the scope of Plaintiffs' electronic

discovery requests in order to reduce the costs of production.  Those costs are exacerbated,

however, by the fact that the materials in question are stored as pictorial images on unique

proprietary software which is not searchable by word searches.  CASD has submitted in support

of its Motion an estimate provided by its third-party electronic discovery consultants, which

reflects that the estimated charges for the production will range from $14,325 to $25,950 plus

additional charges for hosting the processed files ranging from $900 to $3,500 per month.

## II.    **DISCUSSION**

Federal Rule of Civil Procedure 26(b)(2)(B) provides that:

> A party need not provide discovery of electronically stored information from
> sources that the party identifies as not reasonably accessible because of undue
> burden or cost. On motion to compel discovery or for a protective order, the party
> from whom discovery is sought must show that the information is not reasonably
> accessible because of undue burden or cost. If that showing is made, the court
> may nonetheless order discovery from such sources if the requesting party shows
> good cause, considering the limitations of Rule 26(b)(2)(C). The court may
> specify conditions for the discovery.

Fed. R. Civ. P. 26(b)(2)(B).

As a general rule, parties must bear the costs of complying with discovery requests.

Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 357 (1978).  Nevertheless, "[a] court may

order a cost-shifting protective order only upon motion of the responding party to a discovery

request and 'for good cause shown.'  The responding party bears the burden of proof on a motion

for cost-shifting."  Zeller v. S. Cent. Emergency Med. Servs., Inc., No. 1:13-CV-2584, 2014 WL

2094340, at *8 (M.D. Pa. May 20, 2014).  Courts have interpreted Rule 26(b)(2)(B) as

establishing as "'the obvious negative corollary'" that "'accessible data must be produced at the

cost of the producing party; cost-shifting does not even become a possibility unless there is first a showing of inaccessibility.'" Cochran v. Caldera Med., Inc., No. CIV. A. 12-5109, 2014 WL 1608664, at *2 (E.D. Pa. Apr. 22, 2014) (quoting Peskoff v. Faber, 244 F.R.D. 54, 62 (D.D.C. 2007)). "'[I]t cannot be argued that a party should ever be relieved of its obligation to produce accessible data merely because it may take time and effort to find what is necessary.'" Id. CASD argues here that the data in question is inaccessible because it is stored on a separate server using proprietary software such that it will require extensive work to restore it to a searchable form. This Court agrees. Nevertheless, the inaccessibility of data merely raises the question of whether cost-sharing is appropriate, it does not mandate cost-sharing.

District courts in the Third Circuit have recognized a set of factors for determining whether cost-sharing is appropriate set out in Zubulake v. UBS Warburg LLC, 216 F.R.D. 280, 284 (S.D.N.Y. 2003). See, e.g., Juster Acquisition Co., LLC v. N. Hudson Sewerage Auth., No, 12-3427(JLL), 2013 WL 541972, at *4 (D.N.J. Feb. 11, 2013); Boeynaems v. La Fitness Int'l, 285 F.R.D. 331, 336 (E.D. Pa. 2012). Those factors are as follows: (1) the extent to which the request is specifically tailored to discover relevant information; (2) the availability of such information from other sources; (3) the total cost of production, compared to the amount in controversy; (4) the total cost of production, compared to the resources available to each party; (5) the relative ability of each party to control costs and its incentive to do so; (6) the importance of the issues at stake in the litigation; and (7) the relative benefits to the parties of obtaining the information. Zubulake, 216 F.R.D. at 284.

Applying these factors in this case, the Court finds that CASD has not carried its burden to show that it should be relieved of the cost of producing its own records for discovery. As a result of the parties' efforts, Plaintiffs have pared down their requests so that they include only

the hard drives of the individual parties to the litigation and of a school board member who was personally involved in the events at issue in the litigation as well as emails relating to the litigation.  Those sources are likely to lead to the discovery of relevant information.  CASD has not demonstrated that the same documents contained in the materials to be searched are available from other sources.  The fact that CASD's outside counsel may have revealed the information contained in some of the documents sought in reporting the results of its school-district-wide investigation into a variety of alleged improprieties, which included a discussion of CASD's treatment of Plaintiffs, does not ensure that the documents most useful to Plaintiffs were fully disclosed in counsel's report.  Similarly, the investigative grand jury report to which CASD refers addressed a variety of alleged improprieties in CASD's affairs and was not directed to Plaintiffs' claims in this litigation.  Neither source provides an adequate substitute for Plaintiffs' right to conduct their own investigation of their claims.

The projected cost of the production is not excessive in comparison to the amount in controversy in this case.  While neither side has provided the Court with any calculation of potential damages in this case, the Court notes that the Plaintiffs seek lost wages and benefits for the former director of CASD's information technology department and a school district administrator  as well as loss of future earnings, emotional distress, potential punitive damages and statutory attorneys' fees and costs.  An expenditure in the range of $14,325 to $25,950 plus additional hosting fees of $900 to $3,500 per month is not excessive in the context of the amount at stake in this litigation.[2]  Moreover, it is clear that CASD has much greater resources to pay for the discovery sought than do the two individual Plaintiffs.  The Court is satisfied that the parties

---

[2]     CASD's argument that Plaintiffs' damages claims are "speculative," Reply at 5, is unavailing.  It is premature to make this assumption while discovery is ongoing in this case.

have worked collaboratively to control the costs of the production motivated by the knowledge that the Court would be determining whether or the extent to which those costs would be imposed on either party.  As to the sixth <u>Zubulake</u> factor—the importance of the issues at stake in the litigation—the Court notes that CASD is a public entity.  This case involves alleged retaliation against CASD employees who undisputedly revealed important information regarding misconduct by CASD administrators.  All of these factors weigh in favor of CASD bearing the costs of producing the electronically-stored information which is at issue here.  Accordingly, the Motion is denied.

An appropriate Order follows.


Date: March 16, 2017

BY THE COURT:


*/s/ Marilyn Heffley*
MARILYN HEFFLEY
UNITED STATES MAGISTRATE JUDGE